United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NATHANIEL HOLMES,

    Plaintiff,

v.

TENDERLOIN HOUSING CLINIC, INC., et al.,

    Defendants.

_____/

No. C 09-5781 PJH

**ORDER GRANTING MOTION TO DISMISS IN PART AND DENYING IT IN PART; ORDER GRANTING MOTION TO STRIKE**

The motion of defendant Service Employees International Union Local 1021 ("SEIU Local 1021") to dismiss the claims asserted against it for failure to state a claim, and to strike the prayer for compensatory and punitive damages, came on for hearing before this court on March 24, 2010. Plaintiff Nathaniel Holmes appeared by his counsel Curtis Oler, and SEIU Local 1021 appeared by its counsel Vincent Harrington.

Following the hearing, the parties submitted supplemental briefs regarding one of the issues raised at the hearing. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion to dismiss in part and DENIES it in part, and GRANTS the motion to strike.

**BACKGROUND**

Plaintiff was hired by defendant Tenderloin Housing Clinic ("THC") in May 1999. SEIU Local 1021 and THC are parties to a collective bargaining agreement ("CBA"). In December 2007, plaintiff was placed on administrative leave, after his supervisor accused

him of creating a hostile working environment.

In January 2008, plaintiff was permitted to return to work, but not to his old position in the Housing Services Department. It was plaintiff's understanding that he would be returned to his old position if the investigation of his supervisor's charges proved unfounded. Plaintiff asserts that he never received a copy of the "findings" resulting from the investigation, and was not returned to the Housing Services Department.

On November 6, 2008, plaintiff was terminated from his employment at THC, based on charges that he had made verbally abusive comments to a fellow worker and to a union business representative; that he had intimidated and mistreated Housing Services Staff; that he had circulated a petition containing false statements that defamed THC, its Executive Director, and SEIU Local 1021, and which undermined the credibility and integrity of THC's employment policies and procedures; that he had interfered with employees in their performance of their assigned duties; and that he had been absent from his job without authorization.

Plaintiff disputed the charges, and a grievance was allegedly filed, appealing the termination. Plaintiff claims that although the grievance was "duly initiated," SEIU Local 1021 and THC refused for one year to proceed to arbitration.

Plaintiff filed the complaint in the present action on December 9, 2009, alleging nine causes of action. In the first cause of action, plaintiff asserts a claim under §§ 157 and 158 of the Labor Management Relations Act ("LMRA"), against THC and SEIU Local 1021. In the second cause of action, plaintiff alleges a claim under 42 U.S.C. § 1981, against all defendants. In the third cause of action, plaintiff asserts a claim under Art. 1, sec. 8, of the California Constitution, against SEIU Local 1021. The remaining causes of action are brought against the THC-related defendants only.

SEIU now seeks an order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing the claims asserted against it, and an order striking the prayer for compensatory and punitive damages in connection with the first cause of action. Plaintiff opposes the motion to dismiss, but filed a statement of non-opposition to the motion to strike.

2

**DISCUSSION**

A.   Legal Standard

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.

Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). All allegations of material fact are taken as true. Id. at 94. However, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 558-59. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1950 (2009).

In addition, when resolving a motion to dismiss for failure to state a claim, the court may not generally consider materials outside the pleadings. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). There are several exceptions to this rule. The court may consider a matter that is properly the subject of judicial notice, such as matters of public record. Id. at 689; see also Mack v. South Bay Beer Distribs., Inc., 798 F.2d 1279,

1282 (9th Cir. 1986) (on motion to dismiss, court may look beyond complaint to matters of public record and doing so does not convert Rule 12(b)(6) motion to one for summary judgment). Additionally, the court may consider exhibits attached to the complaint, Hal Roach Studios, Inc. V. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), and documents referenced by the complaint and accepted by all parties as authentic, Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002).

B.      Defendant's Motion

Plaintiff brings three claims against SEIU Local 1021 – a claim under LMRA §§ 157 and 158, asserting that SEIU Local 1021 denied him fair representation and engaged in unfair labor practices; a claim of racial discrimination under 42 U.S.C. § 1981; and a claim of racial discrimination under Article 1, section 8 of the California Constitution.

SEIU Local 1021 argues that the first cause of action under the LMRA must be dismissed because it is time-barred; and that the third cause of action under Art. 1, sec. 8 of the California Constitution must be dismissed because it is preempted by the LMRA and by the National Labor Relations Act ("NLRA"), and because Art. 1, sec. 8 of the California Constitution does not apply to SEIU Local 1021. SEIU does not provide any substantive argument in support of its assertion that the second cause of action under § 1981 should be dismissed.

With regard to the first cause of action, the court finds that the motion must be DENIED, without prejudice to filing a motion for summary judgment as to this claim. Under both Section 301 of the LMRA and Section 9(a) of the NLRA (the statute setting forth the union's duty of fair representation), the applicable statute of limitations is six months. See DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 169-72 (1983). The statute of limitations begins to run when a plaintiff is aware, or should have been aware, the union was not going to pursue his grievance. Harper v. San Diego Transit Corp., 764 F.2d 663, 669 (9th Cir. 1985).

Here, it appears that at least some of the incidents cited in the complaint cannot provide a basis for this claim, as it would then be time-barred. Nevertheless, it is not clear

4

from the complaint when plaintiff first knew that the union was not going to pursue his claim to arbitration, or what happened after SEIU Local 1021 filed the grievance. Plaintiff has provided "evidence" in the form of a declaration in which he claims he first became aware in October 2009 of SEIU Local 1021's refusal to pursue the grievance to arbitration. However, there is no allegation in the complaint to that effect. The presence of such factual disputes makes the issue inappropriate for decision on a Rule 12(b)(6) motion.

With regard to the second cause of action under § 1981, as no clear argument was made regarding this cause of action, the court finds that the motion to dismiss must be DENIED. It is not entirely clear which acts by SEIU are alleged to have violated § 1981, but in general, discriminatory labor practices are actionable under § 1981, and both employers and unions may be liable.

For example, where a union systematically fails to file a grievance on behalf of an employee concerning the racial atmosphere at a worksite, such a failure may constitute a violation of § 1981, particularly where the CBA contains a non-discrimination provision. See Woods v. Graphic Comm'c'ns, 925 F.2d 1195, 1202-03 (9th Cir. 1991). It is not clear from the allegations in the complaint exactly how the alleged racial animus was manifested in this case, or whether the CBA contained an anti-discrimination clause. But given SEIU's failure to address the allegations at all, the court declines to dismiss this claim.[1]

With regard to the third cause of action under Art. 1, sec. 8 of the California Constitution, the court finds that the motion must be GRANTED. Art. 1, sec. 8 provides that "[a] person may not be disqualified from entering or pursuing a business, profession, vocation, or employment because of sex, race, creed, color, or national or ethnic origin." Cal. Const., Art. 1, sec. 8.

Claims under Art. 1, sec. 8 may be brought only by plaintiffs who have been denied

---

[1] To the extent that SEIU may have intended to argue that the § 1981 claim is preempted by the LMRA or the NLRA, that position is not correct. A plaintiff can bring suit against a union asserting both breach of the duty of fair representation, and discriminatory conduct in violation of § 1981. See Woods, 925 F.2d at 1198 (plaintiff alleged claim under both § 1981 and NLRA).

5

entrance into a profession or particular employment, or who have been terminated, constructively discharged, or threatened with termination. Strother v. Southern Cal. Permanente Med. Group, 79 F.3d 859, 871-73 (9th Cir. 1996). The use of the word "disqualified" indicates that Art. 1, sec. 8 "governs actions which result in the complete exclusion of an individual from employment with a particular employer, and does not reach conduct affecting particular aspects of an individual's job." Id. at 872; see also Sistare-Meyer v. Young Men's Christian Ass'n, 58 Cal. App. 4th 10, 15-18 (1997) (Art. 1, sec. 8 applies to "employee" plaintiffs only, not to independent contractors, who are not considered "employees" under California law).

Here, plaintiff was an employee of THC, and only THC was in a position to terminate plaintiff or threaten him with termination. Moreover, plaintiff was not an "employee" of SEIU Local 1021. The court therefore finds that plaintiff cannot state a claim under Art. 1, sec. 8 against SEIU Local 1021.

As a further basis for dismissing this claim, the court finds that it is preempted under § 301 of the LMRA. Section 301 of the LMRA establishes federal jurisdiction over "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a); Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 23 (1983); see also Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210 (1985).

To promote uniform interpretation of labor contracts, the preemptive range of § 301 has been extended beyond suits that allege violations of such contracts. Allis-Chalmers, 471 U.S. at 210-11. Thus, a state law claim will be preempted if it is so "inextricably intertwined" with the terms of a labor contract that its resolution will require judicial interpretation of those terms. Id. at 213; see also Miller v. AT & T Network Systems, 850 F.2d 543, 545 (9th Cir. 1988).

If, on the other hand, a claim seeks to vindicate "nonnegotiable state-law rights" that are "independent of any right established by contract," then it is not preempted. Allis-Chalmers, 471 U.S. at 213; Miller, 850 F.2d at 545-46. Cases distinguish between state laws that require interpretation of a labor contract and those that prohibit parties from

including particular terms in such a contract.  See Miller, 850 F.2d at 547.

In determining whether a state law claim is preempted under § 301, the court should consider :

> (1) whether the CBA contains provisions that govern the actions giving rise to a state claim, and if so, (2) whether the state has articulated a standard sufficiently clear that the state claim can be evaluated without considering the overlapping provisions of the CBA, and (3) whether the state has shown an intent not to allow its prohibition to be altered or removed by private contract. A state law will be preempted only if the answer to the first question is 'yes,' and the answer to either the second or third is 'no.' "

Id. at 548; see also Jimeno v. Mobil Oil Corp., 66 F.3d 1514, 1523 (9th Cir. 1995).

Here, plaintiff alleges that SEIU failed to adequately represent him in his disciplinary action. In resolving plaintiff's claim, the court will have to determine whether SEIU followed the CBA's procedures in filing the grievance (or not), and in pursuing the grievance to mediation or arbitration. At the very least, the court will have to determine whether SEIU followed the proper procedures in representing plaintiff, and whether plaintiff's claims had merit. In order to determine whether plaintiffs' claims had merit, the court will need to look at the February 2008 investigatory "findings," and will have to evaluate those findings in light of the provisions in the CBA relating to discipline.

Moreover, to determine whether SEIU Local 1021 has timely arbitrated the grievance pertaining to plaintiff's termination, the court will have to review the grievance and arbitration procedure contained in the CBA. It is only through an examination and analysis of the CBA that the court would be able to determine whether SEIU had an obligation to file a grievance, or move a grievance to arbitration, or arbitrate the grievance within a certain time-frame.

The court finds that the CBA contains provisions relating to discipline and the grievance process for termination. Thus, the answer to the first question is "yes." The state claim cannot be evaluated without considering the overlapping provisions of the CBA, and there is no private contract at issue that is prohibited by the state provision. Thus, the answer to the second and third questions is "no." Under the Miller test, therefore, plaintiff's state law claim is preempted.

**CONCLUSION**

In accordance with the foregoing, the motion to dismiss is GRANTED as to the first cause of action, with leave to amend; DENIED as to the second cause of action; and GRANTED as to the third cause of action, with prejudice.  The motion to strike is GRANTED.

Any amended complaint shall be filed no later than June 11, 2010, and may not include any additional claims or parties not permitted by the foregoing.

**IT IS SO ORDERED.**

Dated:  May 12, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge