1  CURTIS G. OLER (Bar No. 63689)
   LAW OFFICES OF CURTIS G. OLER
2  Post Office Box 15083
   San Francisco, California   94115
3  Telephone: 415 346-8015
   Facsimile: 415 346-8238
4
   Attorney for Plaintiff
5     Nathaniel Holmes

6

7              IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                  SAN FRANCISCO DIVISION

10  NATHANIEL HOLMES,                    )    NO.  NO. CV-09-5781-PJH
                                         )
11                                       )    STIPULATION FOR ORDER
                  Plaintiff,             )    AMENDING FIRST
12                                       )    AMENDED COMPLAINT
          vs.                            )
13                                       )
    TENDERLOIN HOUSING CLINIC,           )
14  INC,; RANDALL SHAW, EXECUTIVE        )
    DIRECTOR, TENDERLOIN HOUSING         )
15  CLINIC, INC.; KRISTA  GETA,          )
    HOUSING SERVICES DIRECTOR,           )
16  TENDERLOIN HOUSING CLINIC, INC.;     )
    SERVICE EMPLOYEES                    )
17  INTERNATIONAL UNION; and             )
    DOES 1 THROUGH 25,                   )
18                                       )
                  Defendants.            )
19  _____)

20        WHEREAS, Plaintiff filed his original complaint herein on December 9, 2009, alleging a

21  First Cause of Action for violations of the Labor Management Relations Act, a Second Cause of

22  Action for violations of 42 U.S.C. Section 1981, a Third Cause Action for violations of Article 1,

23  Section 8, of the California Constitution; a Fourth Cause of Action for violations of  Title VII of

24  the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-(5)(3) for race, color and age

25  discrimination, a Fifth Cause of Action for  violations of  Title VII of the Civil Rights Act of

26  1964, 42 U.S.C. Section 2000e-2(a) for retaliation, a Sixth Cause of Action for  violations of

27

28  Stipulation                        1

Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2(a) for harassment; an Eighth (sic) Cause of Action for  violations of California Government Code Section 12940a, for race, color and age discrimination, a Ninth (sic) Cause of Action for violations of California Government Code Section 12940h, for retaliation and a Tenth (sic) Cause of Action for violations of California Government Code Section 12940j, for harassment.

WHEREAS, Defendants Tenderloin, Randall Shaw and Krista Geta duly answered same.

WHEREAS, Defendant Service Employees International Union, Local 1021 moved to dismiss said  first cause of action pursuant to the Labor Management Relations Act as to it, and said Third Cause of Action, pursuant to Article 1 Section 8 of the California Constitution; and also moved to strike claims for punitive and compensatory damages pursuant to the provisions of Labor Management Relations Act as it relates to the duty of fair representation.

WHEREAS, this Court granted in part and denied in part said motion to dismiss.

WHEREAS, this Court granted Plaintiff leave to amend said First Cause of Action by June 11, 2010, and granting said motion to dismiss said cause of action pursuant to Article 1, Section 8 of the California Constitution.

THIS COURT FURTHER GRANTED said Defendant's unopposed motion to strike claims for punitive and compensatory damages pursuant to the Labor Management Relations Act,

WHEREAS Plaintiff duly filed a First Amended Complaint amending said First Cause of Action pursuant to Labor Management Relations Act, and the Defendants have duly filed their respective answers to same, and

WHEREAS, Plaintiff has now received from the United States Equal Employment Opportunity Commission a Notice of Right to Sue dated June 14, 2010, authorizing Plaintiff's Third, Fourth and Fifth Causes of Action alleged against Defendant Tenderloin pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et seq*., necessitating Plaintiff's Amendment of said Causes of Action.

1    NOW THEREFORE, in the best interests of justice and judicial economy (avoiding the

2  filing of a Motion relative thereto) the parties hereby agree and stipulate that Plaintiff may file a

3  Second Amended Complaint herein relative hereto, a copy of which is attached hereto as Exhibit

4  1.

5  Dated: July 8, 2010

6                                                    _____
                                                     CURTIS G. OLER
                                                     Attorney for Plaintiff

7

8  Dated:

                                                     _____
9                                                    MARK A. WHITE
                                                     Attorney for Defendant

10

11  Dated:

                                                     _____
12                                                   VINCENT A. HARRINGTON, JR.
                                                     Attorney for Defendant SEIU

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Stipulation                                3

1

2

3

4

ORDER

5

Pursuant to the foregoing stipulation of the parties herein,

6

IT IS ORDERED that Second Amended Complaint referred to in said stipulation be filed

7

forthwith.

8

9

Dated:  8/23/10

10

PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE

IT IS SO ORDERED

Judge Phyllis J. Hamilton

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulation                                        4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 1

Exhibit 1

Stipulation

5

1  CURTIS G. OLER (Bar No. 63689)
   LAW OFFICES OF CURTIS G. OLER
2  Post Office Box 15083
   San Francisco, California   94115
3  Telephone: 415 346-8015
   Facsimile: 415 346-8238
4
   Attorney for Plaintiff
5    Nathaniel Holmes

6

7              IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                 SAN FRANCISCO DIVISION

10  NATHANIEL HOLMES,                )   NO.  NO. CV-09-5781-PJH
                                     )
11                                   )   SECOND AMENDED COMPLAINT FOR
             Plaintiff,              )   DECLARATORY RELIEF, INJUNCTIVE
12                                   )   RELIEF AND DAMAGES
        vs.                          )
13                                   )   (Labor Management Relations Act,
    TENDERLOIN HOUSING CLINIC,       )     29 U.S.C. Section 185)
14  INC,; RANDALL SHAW, EXECUTIVE    )
    DIRECTOR, TENDERLOIN HOUSING     )   DEMAND FOR JURY TRIAL
15  CLINIC, INC.; KRISTA  GETA,      )
    HOUSING SERVICES DIRECTOR,       )
16  TENDERLOIN HOUSING CLINIC, INC.; )
    SERVICE EMPLOYEES               )
17  INTERNATIONAL UNION; and         )
    DOES 1 THROUGH 25,               )
18                                   )
             Defendants.             )
19  _____)

20      Plaintiff, NATHANIEL HOLMES, files this Complaint and complains of the named

21  Defendants, and each of them, jointly and severally, and for causes of action, alleges as follows:

22                                   I

23          FACTS COMMON TO ALL CAUSES OF ACTION

24      1.  Plaintiff, NATHANIEL HOLMES, is a resident of the City and County of San

25  Francisco, State of California, and was formerly employed by Defendant, Tenderloin Housing

26  Clinic, Inc., from May 1999 to November 6, 2008.

27      2.  Plaintiff is an African American (Black) over the age of 40 years.

28  Second Amended Complaint               6

3.   Defendant TENDERLOIN HOUSING CLINIC, INC., (hereinafter referred to as "TENDERLOIN") is a corporation incorporated under the laws of the State of California and is authorized to do business in the State of California, with its principal offices located in the City and County of San Francisco, California.  At all times relevant hereto, said Defendant has owned, operated and maintained, rental housing facilities throughout the City and County of San Francisco.

4.   Defendant RANDALL SHAW at all times relevant hereto, has been Executive Director of Defendant TENDERLOIN.   At all times relevant hereto, said Defendant has engaged in the actions and conduct hereinafter alleged within the course and scope of said employment and with the full knowledge and acquiescence of said Defendant TENDERLOIN, which has approved and ratified said actions and conduct.

5.   Defendant KRISTAL GETA, at all times relevant hereto, was the Housing Services Director of Defendant TENDERLOIN.   At all times relevant hereto, said Defendant has engaged in the actions and conduct hereinafter alleged within the course and scope of said employment and with the full knowledge and acquiescence of said Defendant TENDERLOIN, which has approved and ratified said actions and conduct.

6.   Defendant SERVICE EMPLOYEES INTERNATIONAL UNION (hereinafter referred to as "SEIU") is a Labor Organization duly organized under the National Labor Relations Act maintaining and operating Local 1021 thereof with a principal place of business therefor located at 447 29th Street, Oakland, California.

7.   At all times relevant hereto, Defendant SEIU (Local 1021) has been the collective bargaining agent covering Plaintiff's said employment pursuant to a collective bargaining agreement between Defendant TENDERLOIN and Defendant SEIU.  At all times during his said employment, Plaintiff was and remained a member in good standing of Defendant SEIU.

8.   Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 25, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend the complaint to allege their true names and capacities when ascertained.

Plaintiff is informed and believes, and therefore alleges that each of the fictitiously named Defendants is lawfully responsible in some manner for the occurrences herein alleged, and that Plaintiff's losses as herein alleged were proximately caused by such individual actions.

9.  Plaintiff is informed and believes, and thereby alleges that each of the Defendants herein was at all times relevant hereto the agent, employee, or representative of the remaining Defendants and was acting within the scope and course of such relationship.

10.  Plaintiff was initially employed on or about May 14, 1999 by Defendant TENDERLOIN, as a Program Aide.  In October, 1999, Plaintiff was placed into the position of Desk Clerk at the Jefferson Hotel.

11.  Thereafter, in or about September, 2003, Plaintiff was promoted to the position of Program Receptionist.

12.  At all times during Plaintiff's tenure of employment with said Defendant, Plaintiff performed all of his assigned and related duties in an excellent manner and has complied with all work rules in that connection during the entire course of his employment with said Defendant.

13.  Notwithstanding, Defendants and each of them, without cause or justification, beginning in or about September, 2007, initiated and maintained a continuous egregious pattern of unlawful, discriminatory, unfair employment and labor practices against Defendant TENDERLOIN'S ethnic minority employees, and Defendant SEIU'S ethnic minority employees, including Plaintiff, culminating in the termination of Plaintiff's employment effective November 6, 2008, as more particularly hereinafter described.

14.  Plaintiff was elected shop steward of said Housing Services Department in December, 2006, after a considerable union organizing (card check campaign) activity establishing Defendant SEIU (Local 1021) as collective bargaining agent of TENDERLOIN employees.

15.  In September, 2007, Defendant KRISTAL GETA subsequently promoted to the position of Deputy Director of Defendant TENDERLOIN was appointed to the position of Director, Housing Services Department although ethnic minority  employees, better qualified

Second Amended Complaint                                   8

than she, were denied appointment to said position.

16.  Plaintiff as shop steward complained to Defendant SHAW, Melissa Blizzard, Support Services Director and Cathy Clogged,  Human Resources concerning said discriminatory refusal of appointment of a better qualified ethnic minority person to said position, all of whom ignored Plaintiff's said complaint.

17.  Plaintiff then initiated a grievance pursuant to said collective bargaining agreement in connection with said complaint.

18.  In September, 2007, on the first day of Defendant GETA's assumption of her duties as Housing Services Director, she approached Plaintiff at his desk, addressing him in a hostile manner, concerning his said complaint, at which time Plaintiff informed GETA that such was not the proper venue for this discussion, and that if GETA wanted to speak to Plaintiff relative thereto, it should be in her office and not in front of clients and staff.

19.  Shortly thereafter, GETA issued Plaintiff an unwarranted disciplinary "write up" which later proved to be the beginning of continuous harassment activity directed against him by GETA.

20.  Within two weeks after said unwarranted write up while Plaintiff was busy at his desk, sorting client mail, one of the duties of his position,  GETA abruptly approached him and directed him to go break down some boxes in the back area, which was obviously the duties of the janitor and clearly outside the duties of Plaintiff's position as Program Receptionist. Nevertheless, Plaintiff followed GETA's instructions, while informing her that such duties were clearly outside of his job description, as she was fully aware.

21.  GETA continued to initiate and implement a multitude of job changes in violation of said collective bargaining agreement.

22.  On or about December 18, 2007, without notice, cause or justification, GETA falsely accused Plaintiff of "creating a hostile working environment" and immediately placed Plaintiff on administrative leave.

23.  The following week, after said false accusation and placement of Plaintiff on

Second Amended Complaint                                    9

administrative leave, Plaintiff's own union representative informed him that Defendant SHAW would not permit Plaintiff to go back to the Housing Services Department, and that SHAW approved GETA'S unwarranted disciplinary action.

24.  Plaintiff was allowed to return to work in early January even though not permitted to return to his position in the Housing Services Department.  Plaintiff's understanding was that he would be permitted to return to his position in the Housing Services Department if the 'investigation' of GETA'S charges against him were not substantiated.

25.  However, in February, 2008, on the purported conclusion of said 'investigation' Cathy Clogged informed Plaintiff that the 'findings' relative to said investigation had been forwarded to SEI Supervisor Yvette Albert-Jordan.  However, when Plaintiff requested Jordan to provide him with a copy of said 'findings', she instructed Plaintiff to obtain such from TENDERLOIN.

26.  Plaintiff has yet to receive a copy of said 'findings'.

30.  Plaintiff attended a mediation on proceeding concerning actions which had been taken against him, at which time his own union representative, Daz Lamparas failed to bring a copy of said findings to said meeting or inform Plaintiff of the contents of said findings.

31. Defendant  SEIU and Defendant TENDERLOIN agreed not to proceed to arbitration.

32.  Plaintiff was then transferred to the SRO Collaborative unit and Vaniesha Rodgers was placed into said onsite shop steward in Housing Services.

33.  In July, 2008, the Housing Services Staff signed a petition selecting Plaintiff as the shop steward until the month of January when there would be an election.

34.  Persons notified about the Housing Department and the Shop Stewards Council decisions were Randy Shaw, Daz Lamparas, KRISTAL GETA and agents from the NLRB.

35.  Thereafter, Defendant TENDERLOIN and SEI refused to acknowledge Plaintiff's selection as shop steward and refused to accept his grievance relative to same and SHAW's and GETA'S continuing obstruction of Plaintiff's exercise of his rights under the Labor Relations Management Act.

36.  In October, 2008 Plaintiff was falsely accused of making false statements concerning Defendant SHAW and TENDERLOIN.  Plaintiff was also reprimanded for complaining of the racially discriminatory actions and conduct of Daz Lamparas and Ken Duigenan.

37.  Finally, on November 6, 2008, Plaintiff was terminated from his said employment without cause or justification based upon knowingly and intentionally false charges of "making verbally abusive comments to a fellow worker and to a union business representative; intimidating and mistreating Housing Services Staff, circulating a petition filled with false statements that defamed our organization, our Executive Director, and the SEIU 1021, and which falsely undermines the credibility and integrity of our employment policies and procedures; for interfering with employees in their performance of his/her assigned duties during working hours and for being absent from your job without your supervisor's authorization."

38.  Although grievance appealing Plaintiff's said unlawful termination was duly initiated, Defendants SEIU and TENDERLOIN have agreed to fail and refuse and continue to fail and refuse for more than eighteen months to proceed to arbitration of said grievance pursuant to the provisions of said collective bargaining agreement with the intent and purpose of denying Plaintiff rights guaranteed by the Labor Management Relations Act.   Defendant SEIU notified Plaintiff in writing on September 14, 2009, that it would proceed to arbitration of said grievance. However, after Plaintiff forwarded written inquiry to said Defendant SEIU on October 6, 2009, Plaintiff first learned on October 7, 2009, said Defendant had no intention to proceed to said Arbitration as provided in said Collective Bargaining Agreement.

39.  As a result of said actions and conduct, Plaintiff has suffered and continues to suffer the injuries and damages as hereinafter alleged.

II

FIRST CAUSE OF ACTION

LABOR MANAGEMENT RELATIONS ACT

AS TO DEFENDANTS TENDERLOIN AND SEIU

As a First Separate and distinct Cause of Action, Plaintiff complains of Defendants, and

Second Amended Complaint                                    11

for a cause of action, alleges:

40.  The allegations of paragraphs 1 through 39 above, are re-alleged and incorporated herein by reference.

41.  Jurisdiction is invoked herein pursuant to the provisions of the Labor Management Relations Act, 29 U.S.C. Section 185 to enforce the provisions of 29 U.S.C. Sections 157 and 158 prohibiting unfair labor practices, protecting the rights of employees under the collective bargaining agreements and forbidding unfair labor practices by employers and labor organizations.

42.  Venue is in the Northern District of California.

43.  29 U.S.C. Section 157 provides:

> "Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 8(a)(3) [29 U.S.C. Section 158 (a)(3)].

44.  29 U.S.C. Section 158 (a) provides:

> "Section 158.  Unfair labor practices
> (a) Unfair labor practices by employer.  It shall be an unfair labor practices for an employer –
> (1) to interfere with, restrain, or coerce employees in the Exercise of the rights guaranteed in section 7 [29 U.S.C. Sec. 157]
> (2) to dominate or interfere with the formation or administration of any labor organization or contribute financial or other support to it: Provided, That subject to rules and regulations made and published by the Board pursuant to Section 6 (29 U.S.C. Sec. 156), an employer shall not be prohibited from permitting employees to confer with him during working hours without loss of time or pay;
> (3) by discrimination in regard to hire or tenure of employment or any term or condition of employment . . .
> (4) to discharge or otherwise discriminate against an employee because he has filed charges or given testimony under this Act;
> (5) to refuse to bargain collectively with the representatives of

Second Amended Complaint                    12

his employees, subject to the provisions of section 9(a) [29 U.S.C. Section 159(a)]

(b) Unfair labor practices by labor organization.  It shall be an unfair labor practice for a labor organization or its agents –
(1) to restrain or coerce (A) employees in the exercise of the rights guaranteed in section 7 [29 U.S.C. 157]: . . .
(2) to cause or attempt to cause an employer to discriminate against an employee in violation of subsection (a)(3) or to discriminate against an employee with respect to whom membership in such organization has been denied or terminated". . ."

45.  Notwithstanding, Defendants SEIU and TENDERLOIN failed to carry out its responsibilities under the terms of said collective bargaining agreement.

46.  Such actions and conduct by Defendants SEIU denied Plaintiff fair representation and was an unfair labor practice prohibited by 29 U.S.C. Section 158(b) as set out above.

47.  Such actions and conduct by Defendant  TENDERLOIN denied Plaintiff fair representation and was an unfair labor practice prohibited by 29 U.S.C. Section 158(b) as set out above.

48.  Such actions by Defendant TENDERLOIN denied Plaintiff of his rights as an employee as guaranteed by 29 U.S.C. Section 158(a), as set out above, and therefore was an unfair labor practice as prohibited by that section.

49.  As a direct result of said breaches of said collective bargaining agreement,  violations of the Labor Management Relations Act and the National Labor Relations Act,  Plaintiff has suffered and continues to suffer substantial losses in earnings and related employment benefits which  he would have received had Defendants not breached said collective bargaining agreement and violated the above referred to provisions of the Labor Management Relations Act.

50.  Said actions and conduct have resulted in substantial pecuniary harm to Plaintiff as alleged herein.

51.  As a direct result of the acts and conduct of Defendant as alleged herein, Plaintiff has suffered loss of and continues to suffer substantial loss of earnings and related employment benefits in an amount to be proven at trial herein.

Second Amended Complaint                                    13

52  In doing the acts and in engaging in the conduct herein alleged, Defendants intended to and did vex, harass, annoy Plaintiff.

53.  Defendant committed the abusive actions alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and from an improper and evil motive amounting to malice, and in conscious and reckless disregard of his rights as an employee.

III

SECOND CAUSE OF ACTION

42 U.S.C. SECTION 1981

AS TO ALL DEFENDANTS

As a Second Separate and distinct Cause of Action, Plaintiff complains of Defendants, and for a cause of action, alleges:

54.  The allegations of paragraphs 1 through 53 above, are re-alleged and incorporated herein by reference.

55.  Jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. Section 1331 to enforce the provisions of 42 U.S.C. Section 1981 which provides as follows:

"(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

c) Protection against impairment

Complaint for Damages                    14

> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law."

56.  Venue is proper in the Northern District of California.

57.  Defendant has maintained a pattern and practice of unlawful discriminatory employment practices against Plaintiff on account of his race and color by engaging in the actions and conduct, among other things, as alleged in paragraphs 13 through 39 above.

58.  Plaintiff was subjected to the actions and conduct described in Paragraphs 13 through 39 herein on account of his race and color and in retaliation against him for his continuing complaints and protests of said unlawful discriminatory employment practices in violation of the provisions of 42 U.S.C. Section 1981.

59.  As a direct result of said acts and conduct of Defendants, as alleged herein, Plaintiff has suffered loss of and continues to suffer substantial loss of earnings and related employment benefits in an amount to be proven at trial herein.

60.  In doing the acts and in engaging in the conduct herein alleged, Defendants intended to and did vex, harass, annoy and cause Plaintiff to suffer and continue to suffer severe emotional distress for which she has sought medical care.

61.  Defendants committed the abusive actions alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and from an improper and evil motive amounting to malice, and in conscious and reckless disregard of his rights as an employee.  Plaintiff is thus entitled to recover punitive damages from Defendants, and each of them, commensurate with its conduct as alleged.

IV

THIRD CAUSE OF ACTION

42 U.S.C. SECTION 2000e-2

RACE, COLOR AND AGE

AS TO DEFENDANT TENDERLOIN

As a Third, separate and distinct Cause of Action, Plaintiff complains of Defendants, and for a cause of action, alleges:

62. The allegations of paragraphs 1 through 61 above, are re-alleged and incorporated herein by reference.

63. Jurisdiction is invoked herein pursuant to the provisions Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e(5)(3) to enforce the provisions of 42 U.S.C. Section 2000e-2(a), which provides that:

(a) It  shall be an unlawful employment practice for an employer –

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employ-ment because of such individual's race, color,. . . or national origin, or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, . . . or national origin."

64. Said defendant has engaged in an egregious pattern of harassment against Plaintiff in the terms and conditions of his employment throughout the entire tenure of his said employment, on account of his race, color and age in violation of the provisions of 42 U.S.C. Section 2000e-2(a)(1).

65. As a direct result of said acts and conduct of Defendants, as alleged herein, Plaintiff has suffered loss of and continues to suffer substantial loss of earnings and related employment benefits in an amount to be proven at trial herein.

66. In doing the acts and in engaging in the conduct herein alleged, Defendants intended to and did vex, harass, annoy and cause Plaintiff to suffer and continue to suffer severe emotional distress.

67. On December 8, 2008, Plaintiff duly filed an administrative charge of discrimination and retaliation  herein with the United States Equal Employment Opportunity Commission

(EEOC).  On June 14, 2010, the United States Equal Employment Opportunity Commission duly issued a notice of right to sue thereon and this action has been timely brought.

VI

FOURTH CAUSE OF ACTION

RETALIATION

42 U.S.C. SECTION 2000e-2(a)

AS TO DEFENDANT TENDERLOIN

As a Fourth, separate and distinct Cause of Action, Plaintiff complains of Defendant , and for a cause of action, alleges:

68.  The allegations of paragraphs 1 through 67 above, are re-alleged and incorporated herein by reference.

69.  Jurisdiction is invoked herein pursuant to the provisions of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(3) to enforce the provisions of 42 U.S.C. Section 2000e-3, which provides that:

> "It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment,. . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

70.  Plaintiff was an employee who opposed practices made an unlawful employment practice by this subchapter, and made a charge, under said Act and is therefore a person protected by the provisions of said Act.

71.  Said Defendant has engaged in the actions and conduct, among others, described in paragraphs13 through 39 hereof against Plaintiff because he has opposed actions made unlawful by and filed charges pursuant to the provisions of said Act.

72.  As a direct result of said acts and conduct of Defendants, as alleged herein, Plaintiff has suffered loss of and continues to suffer substantial loss of earnings and related employment benefits in an amount to be proven at trial herein.

Complaint for Damages                                    17

73. In doing the acts and in engaging in the conduct herein alleged, Defendants intended to and vex, harass, annoy and cause Plaintiff to suffer and continue to suffer severe emotional distress.

74. On December 8, 2008, Plaintiff duly filed an administrative charge of discrimination and retaliation herein with the United States Equal Employment Opportunity Commission (EEOC). On June 14, 2010, the United States Equal Employment Opportunity Commission duly issued a notice of right to sue thereon and this action has been timely brought.

VII

FIFTH CAUSE OF ACTION

AS TO DEFENDANT TENDERLOIN, SHAW AND GETA

(HARASSMENT )

As an Fifth, separate and distinct Cause of Action, Plaintiff complains of Defendant, and for a cause of action, alleges:

75. The allegations of paragraphs 1 through 74 above, are re-alleged and incorporated herein by reference.

76. Jurisdiction is invoked herein pursuant to the provisions Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e(5)(3) to enforce the provisions of 42 U.S.C. Section 2000e-2(a), which provides that:

(a) It shall be an unlawful employment practice for an employer –

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employ- ment because of such individual's race, color,. . . or national origin, or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, . . . or national origin."

77. Said defendant has engaged in an egregious pattern of harassment against Plaintiff in the terms and conditions of her employment throughout the entire tenure of her said employment,

on account of her race, color and national origin in violation of the provisions of 42 U.S.C. Section 2000e-2(a)(1).

78.  As a direct result of said acts and conduct of Defendants, as alleged herein, Plaintiff has suffered loss of and continues to suffer substantial loss of earnings and related employment benefits in an amount to be proven at trial herein.

79.  In doing the acts and in engaging in the conduct herein alleged, Defendants intended to and did vex, harass, annoy and cause Plaintiff to suffer and continue to suffer severe emotional distress for which she has sought medical care.

80.  On December 8, 2008, Plaintiff duly filed an administrative charge of discrimination and retaliation  herein with the United States Equal Employment Opportunity Commission (EEOC).   On June 14, 2010, the United States Equal Employment Opportunity Commission duly issued a notice of right to sue thereon and this action has been timely brought.

VIII

SIXTH CAUSE OF ACTION

AS TO DEFENDANT TENDERLOIN

RACE, COLOR AND AGE

(GOVERNMENT CODE SECTION 12940a)

As an Sixth, separate and distinct Cause of Action, Plaintiff complains of Defendants, and for a cause of action, alleges:

81. The allegations of paragraphs 1 through 80 above, are re-alleged and incorporated herein by reference.

82.  Jurisdiction herein is invoked pursuant to the provisions of Government Code Section 12965, seeking a declaratory judgment, injunctive relief and damages for violations of the Plaintiff's employment rights as protected by the Fair Employment and Housing Act (FHA), Government Code Section 12940a, which provides that it shall be unlawful for an employer to discriminate against an employee, among other things, on account of race  color and age.

83.  Plaintiff is an employee of African ancestry (Black) over the age of 40 and is

Complaint for Damages                                    19

therefore a person protected by said provisions of said Act.

84.  Defendant has maintained a pattern and practice of unlawful discriminatory employment practices against Plaintiff on account of her race and color by engaging in the actions and conduct, among other things, as alleged in Paragraphs13 through 39 hereof in violation of the Fair Employment and Housing Act, Government Code Section 12940a.

85.  As a direct result of said actions and conduct of Defendant as alleged herein, Plaintiff has suffered loss of and continues to suffer substantial loss of earnings and related employment benefits in an amount to be proven at trial herein.

86.  In doing the acts and in engaging in the conduct herein alleged, Defendants intended to and did vex, harass, annoy and cause Plaintiff to suffer and continue to suffer severe emotional distress for which he has been required to seek and maintain medical care.

87.  On December 2, 2008, Plaintiff duly filed an administrative charge of discrimination and retaliation herein with the California Department of Fair Employment and Housing (DFEH), which thereafter duly issued a right to sue thereon on December 9, 2008, authorizing Plaintiff to initiate a civil action in the California Superior Court within one year of the filing of this action.  Thusly, said action has been timely filed.

IX

SEVENTH CAUSE OF ACTION

AS TO DEFENDANT TENDERLOIN

CALIFORNIA GOVERNMENT CODE SECTION 12940h

(RETALIATION)

As a Seventh, separate and distinct cause of action, Plaintiff complains of Defendants, and each of them, and for a cause of action, alleges:

88.  The allegations of paragraphs 1 through 87 above, are re-alleged and incorporated herein by reference.

89.  Jurisdiction herein is invoked pursuant to the provisions of Government Code Section 12965, seeking a declaratory judgment, injunctive relief and damages for violations of

Complaint for Damages                          20

the Plaintiff's employment rights as protected by the Fair Employment and Housing Act (FHA), Government Code Section 12940h, which provides that it shall be unlawful for an employer to retaliate against an employee, because of said employee's protests of unlawful discriminatory employment practices, or association with a person protesting alleged discriminatory employment practices.

90.  Plaintiff was an employee of Defendant who protested violations of Government Code Section 12940, *et seq*., as alleged in paragraphs 13 through 39 hereof, and is therefore a person protected by the provisions of said  Act.

91.  Defendant has subjected Plaintiff to a pattern and practice of egregious retaliatory actions and conduct. because of her continuing complaints of said unlawful discriminatory employment practices, which have included, but have not been limited to, the actions and conduct alleged, among other things, in paragraphs 13 through 39 hereof.

92.  As a direct result of the acts and conduct of Defendant, as alleged herein, Plaintiff has suffered loss of and continues to suffer substantial loss of earnings and related employment benefits in an amount to be proven at trial herein.

93.  In doing the acts and in engaging in the conduct herein alleged, Defendant intended to and did vex, harass, annoy and cause Plaintiff to suffer and continue to suffer severe emotional distress.

94.  On December 2, 2008, Plaintiff duly filed an administrative charge of discrimination and retaliation  herein with the California Department of Fair Employment and Housing (DFEH), which thereafter duly issued a right to sue thereon on December 9, 2008, authorizing Plaintiff to initiate a civil action in the California Superior Court within one year of the filing of this action.  Thusly, said action has been timely filed.

X

EIGHTH CAUSE OF ACTION

AS TO DEFENDANTS TENDERLOIN, SHAW AND GETA

HARASSMENT

Complaint for Damages                    21

As an Eighth, separate and distinct cause of action, Plaintiff complains of Defendants, and each of them, and for a cause of action, alleges:

95.  The allegations of paragraphs 1 through 94 above, are re-alleged and incorporated herein by reference.

96.  Jurisdiction herein is invoked pursuant to the provisions of Government Code Section 12965, seeking a declaratory judgment, injunctive relief and damages for violations of the Plaintiff's employment rights as protected by the Fair Employment and Housing Act (FHA), Government Code Section 12940j, which provides that it shall be unlawful for an employer to harass an employee, because of said employee's race and color.

97.  Plaintiff was an employee of African American (Black) ancestry, and thusly was a person protected by said provisions of said Act.

98.  Defendant has subjected Plaintiff to a continuous pattern of egregious harassment throughout the entire tenure of her employment on account of her race and color in violation of the Fair Employment and Housing Act, Government Code Section 12940j.

99.  As a direct result of the acts and conduct of Defendant, as alleged herein, Plaintiff has suffered loss of and continues to suffer substantial loss of earnings and related employment benefits in an amount to be proven at trial herein.

100.  In doing the acts and in engaging in the conduct herein alleged, Defendants intended and did vex, harass, annoy and cause Plaintiff to suffer and continue to suffer severe emotional distress.

101.  On December 2, 2008, Plaintiff duly filed an administrative charge of discrimination and retaliation  herein with the California Department of Fair Employment and Housing  (DFEH), which thereafter duly issued a right to sue thereon on December 9, 2008, authorizing Plaintiff to initiate a civil action in the California Superior Court within one year of the filing of this action.  Thusly, said action has been timely filed.

## XI

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them as follows:

(A) Grant Plaintiff a declaratory judgment that Defendants have violated Plaintiff's rights as an employee and a union member;

(B) Permanently enjoin Defendants, their agents, successors, and employees and those acting in concert with them from engaging in the actions and conduct alleged herein;

C) Award Plaintiff damages for all earnings lost, including future earnings lost and for loss of related employment benefits;

(D) Return Plaintiff to his position of employment without loss of pay, seniority or rank (as to Defendant Tenderloin);

(E)  Award Plaintiff damages for lost career and employment opportunities;

(F)  Order that all negative material be removed from Plaintiff's personnel file or any other files or records maintained in connection with Plaintiff's employment (as to Defendant Tenderloin);

(G) Award Plaintiff damages for severe psychological harm in an amount to be proven at trial; (as to the Second, Third, Fourth, Fifth Sixth, Seventh and Eighth Causes of Action)

(H)  Award Plaintiff punitive damages in an amount commensurate with harm caused to Plaintiff and Defendants' financial ability,  (as to the Second, Third, Fourth, Fifth Sixth, Seventh and Eighth Causes of Action);

(I) Award Plaintiff costs of suit;

(J)  Grant Plaintiff reasonable attorney's fees; and

(K)  Grant Plaintiff such other and further relief as the Court may deem proper and just.

Dated: July 7, 2010                                    Respectfully submitted.


                                                      /s/ Curtis G. Oler
                                                      CURTIS G. OLER
                                                      Attorney for Plaintiff

Complaint for Damages                              23

1

VERIFICATION

2

I, NATHANIEL HOLMES, declare:

3

I have read the foregoing Plaintiff's Complaint and know the contents thereof.  The same

4

is true of my own knowledge, except for those matters stated therein on information and belief,

5

and as to those, I believe them to be true.

6

I declare under penalty of perjury under the laws of the State of California that the

7

foregoing is true and correct and that this Verification was executed on July 7, 2010, at San

8

Francisco, California.

9

10

_____/s/ Nathaniel Holmes_____

11

NATHANIEL HOLMES

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28