UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NATHANIEL HOLMES,

    Plaintiff,

    v.

TENDERLOIN HOUSING CLINIC, INC., et al.,

    Defendants.
_____/

No. C 09-5781 PJH

**FINAL PRETRIAL ORDER**

    Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, this final pretrial order is hereby entered and shall control the course of the trial unless modified by a subsequent order.  The joint pretrial statement of the parties is incorporated herein except as modified by the court's ruling on the pretrial motions and objections.

I.    <u>MOTIONS IN LIMINE</u>

    A.    Plaintiff's Motion in Limine No. 1, to exclude evidence relating to SEIU Local 1021 as a former party in this action, or to the fact that the claims against SEIU Local 1021 have been dismissed, is GRANTED.

    B.    Plaintiff's Motion in Limine No. 2, to exclude from the courtroom during trial all witnesses who might be called to testify at trial, except when such witness is testifying, is GRANTED.

1       C.     Plaintiff's Motion in Limine No. 3, to exclude defendants' trial Exhibits Nos.
2 A-10, A-12, A-16 through A-20, A-22, A-34, A-36 through A-38, A-41, and A-43 through
3 A-46 is DENIED to the extent based on hearsay, but other grounds may be advanced at
4 trial.

5       D.     Defendants' Motion in Limine No. 1, seeking a ruling that the court lacks
6 subject matter jurisdiction over plaintiff's Title VII and FEHA harassment claims, is
7 GRANTED. Defendants were permitted to make subject matter jurisdiction objections as
8 motions in limine given that the court has a continuing duty to ensure that federal
9 jurisdiction exists. See Spencer Enters., Inc. v. United States, 345 F.3d 683, 687 (9th Cir.
10 2003). Plaintiff concedes that he did not include claims of harassment in his EEOC/DFEH
11 administrative charge, and this court is without jurisdiction to hear a Title VII or FEHA claim
12 that was not administratively exhausted. Vasquez v. County of Los Angeles, 349 F.3d 634,
13 644 (9th Cir. 1996) (Title VII); Okoli v. Lockheed Tech. Ops. Co., 36 Cal. App. 4th 1607,
14 1612-13 (1995) (FEHA). Moreover, to the extent that plaintiff now argues that he has
15 pleaded a § 1981 harassment claim as well, the court disagrees. In the February 22, 2011
16 order, the court implicitly found and reaffirms today that the first amended complaint
17 ("FAC") fails to state a viable claim of harassment under § 1981 and fails to reasonably put
18 defendants on notice that it was plaintiff's intention to so allege. The court further notes
19 that plaintiff did not request reconsideration of the court's conclusion or otherwise put the
20 court on notice that he believed the court had mis-characterized the FAC.

21       E.     Defendants' Motion in Limine No. 2, seeking a ruling that the court lacks
22 subject matter jurisdiction over plaintiff's retaliation claims, is GRANTED to the extent that
23 plaintiff is alleging retaliation based on his shop steward activities, as such claims fall within
24 the exclusive jurisdiction of the National Labor Relations Board, under the LMRA. San
25 Diego Building Trade Council v. Garmon, 359 U.S. 236, 244-45 (1959). The motion is
26 DENIED to the extent that plaintiff is alleging retaliation based on protected activity relating
27 to complaints of race discrimination under Title VII, FEHA, or § 1981.

28       F.     Defendants' Motion in Limine No. 3, seeking a ruling that the court lacks

1  subject matter jurisdiction over plaintiff's Title VII harassment claim and plaintiff's § 1981
2  retaliation claim against individual defendants Randall Shaw and Krista Gaeta, is
3  GRANTED.  Plaintiff does not oppose the motion as to the Title VII claim.  The court finds,
4  based on the fact that § 1981 claims are analyzed in the same manner as Title VII claims,
5  see Dickerson v. Cal Waste Solutions, 2009 WL 2913452 at *8 (N.D. Cal., Sept. 8, 2009)
6  (citing Fonseca v. Sysco Food Services of Arizona, Inc., 374 F.3d 840, 850 (9th Cir. 2004);
7  also citing Craig v. M & O Agencies, Inc., 496 F.3d 1047, 1058 (9th Cir.2007), that even if a
8  § 1981 claim had been adequately pleaded, neither Shaw nor Gaeta can be liable for
9  retaliation under § 1981.

10       G.     Defendants' Motion in Limine No. 4, to preclude plaintiff from introducing
11 testimony or evidence referring or relating to pre-April 10, 2008 harassment or retaliation, is
12 GRANTED, insofar as the evidence relates to disciplinary warnings and write-ups that
13 began in September 2007, and that were grieved, and resolved in the mediation that
14 resulted in the April 10, 2008 settlement agreement.  To the extent that plaintiff seeks to
15 introduce such evidence on the ground that it provides background and context to the post-
16 April 10, 2008 actions relating to the termination, defendants may raise objections at the
17 time the evidence is sought to be introduced.  In addition, the court will instruct the jury that
18 any such testimony regarding background and context will be admitted for that limited
19 purpose.   Defendant may propose an appropriate limiting instruction.

20       H.     Defendants' Motion in Limine No. 5, to preclude evidence of harassment or
21 retaliation related to plaintiff's January 9, 2008 suspension and related disciplinary history,
22 is GRANTED, based on plaintiff's counsel's representation at the February 2, 2011 hearing
23 that "the suspension matter was resolved" and that plaintiff was not opposing summary
24 judgment as to any claim relating to the suspension.  To the extent that plaintiff seeks to
25 introduce such evidence as background and context relating to the termination, the court
26 will provide a limiting instruction as described above.

27       I.     Defendants' Motion in Limine No. 6, to exclude all evidence, witnesses, and
28 testimony not identified or produced during discovery, is GRANTED.

1      J.     Defendants' Motion in Limine No. 7, to pre-instruct the jury as to factual
determinations made by the court in its February 22, 2011 order re the motions for
summary judgment, is DENIED.

       K.     Defendants' Motion in Limine No. 8, to exclude all evidence and testimony
regarding the employment and alleged unfair treatment of Vaneisha Rodgers, Sonya Perry,
and Kylar Bryan is GRANTED. Unless such witnesses are percipient witnesses, with
testimony relevant to prove retaliation against <u>plaintiff</u> for protected activity related to race
discrimination, the evidence will be excluded pursuant to Federal Rules of Evidence 401
and 403, as irrelevant and as potentially prejudicial to defendants and as confusing or
misleading to the jury.

II.    <u>CLAIMS REMAINING IN CASE</u>

       In accordance with the rulings in the February 22, 2011, Order re Defendants'
Motions for Summary Judgment, and the rulings herein with regard to defendants' motions
in limine, the sole claim remaining in the case is the claim of retaliation under § 1981,
against defendant Tenderloin Housing Clinic. Given the court's concerns about whether
the retaliation evidence is based on race-based or union-based protected activity, the
objections raised by defendants, plaintiff's insistence that there is evidence of both, and the
court's interest in not wasting jury resources, the court will review before trial, the entirety of
plaintiff's deposition for evidence that the retaliation he allegedly suffered was causally
related to complaints he made about race discrimination rather than to his union-related
activity. The court will contact the parties with further instructions should the deposition not
reveal the required evidence.

III.   <u>MISCELLANEOUS</u>

       The witness lists, exhibit lists, jury instructions and verdict form, all need minor
revisions in light of the court's rulings herein. They can all be submitted on the first day of
trial.

IV.    <u>TRIAL SCHEDULE AND TIME LIMITS</u>

       Trial will be held between 8:30 - 1:30 Monday, Tuesday, Thursday and Friday with

4

two 15-minute breaks each day.  Each party will be permitted seven hours for examination of witnesses.  Opening statements and closing arguments are not included within this time allotment.

**IT IS SO ORDERED.**

Dated:  April 29, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge