UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NATHANIEL HOLMES,

       Plaintiff,

       v.

TENDERLOIN HOUSING CLINIC, INC., et al.,

       Defendants.

_____/

No. C 09-5781 PJH

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

       Before the court is the motion of defendant Tenderloin Housing Clinic, Inc. ("THC") for summary judgment as to plaintiff's claims of retaliation. Having read the parties' papers and carefully considered their arguments, and good cause appearing, the court hereby GRANTS the motion.

**BACKGROUND**

       Plaintiff Nathaniel Holmes ("Holmes") filed this action on December 9, 2009, alleging claims of unfair labor practices; employment discrimination and harassment on the basis of race, color, and age; and retaliation. The facts and procedural background of the case are as stated in the order granting the motion of defendant Service Employees International Union, Local 1021 ("SEIU" or "the Union") for summary judgment, and granting in part and denying in part the motion for summary judgment filed by defendants THC, Randall Shaw ("Shaw"), and Krista Gaeta ("Gaeta") (collectively, "the THC defendants"), which was filed on February 22, 2011 ("February 22, 2011 order").

Pursuant to that order, the court granted summary judgment as to all claims against the Union, and also as to all claims against the THC defendants, with the exception of the retaliation claims under 42 U.S.C. § 1981, Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e-2, and the California Fair Employment and Housing Act ("FEHA"), California Government Code § 12940(h), and the claims of harassment based on race, under Title VII and FEHA. The § 1981 retaliation claim and the Title VII harassment claim were asserted against all defendants, and the Title VII and FEHA retaliation claims and the FEHA harassment claim were asserted against THC only.

The court denied the motion as to the harassment and retaliation claims because defendants had not clearly argued in their motion that summary judgment should be granted as to those claims, and had not cited the applicable legal standards. Approximately two weeks after issuance of the order, the THC defendants filed a motion for leave to file a motion for judgment on the pleadings as to the harassment and retaliation claims. Holmes opposed the motion.

The court held a pretrial conference on April 21, 2011, at which time the parties argued their motions in limine. As memorialized in the April 29, 2011 pretrial order, the court granted defendants' motion to dismiss the § 1981 retaliation claim against the individual THC defendants (Randall Shaw and Krista Gaeta), and the Title VII and FEHA harassment claims, for lack of subject matter jurisdiction; granted defendants' motion to preclude plaintiff from introducing evidence referring or relating to pre-April 10, 2008 retaliation, if such evidence related to the subject of the mediation that resulted in the April 10, 2008 settlement agreement; granted defendants' motion to preclude evidence of retaliation related to plaintiff's January 9, 2008 suspension and related disciplinary history; and granted defendants' motion to exclude evidence and testimony regarding the employment and alleged unfair treatment of other THC employees, unless those individuals were called as percipient witnesses to prove retaliation against Holmes for protected activity related to race discrimination.

Also at the pretrial conference, the court requested that Holmes provide an

2

indication of what evidence he intended to submit to support his claim of adverse employment actions taken against him on account of his having complained about racial discrimination by THC or anyone employed by THC.  Following the pretrial conference, Holmes' counsel provided the court with a copy of his deposition transcript.

Upon reviewing the transcript, the court issued an order on May 2, 2011, stating that it could locate no specific references in the deposition testimony to any such adverse actions, and that it could recall no such evidence having been presented by plaintiff in his opposition to the prior motions for summary judgment.  The court directed THC to file a second motion for summary judgment as to the retaliation claim, so that the court could determine whether there was any admissible evidence to put before the jury on the retaliation claims.  The order referred to the § 1981 retaliation claim against THC as "the sole remaining claim," although it now appears that the Title VII and FEHA retaliation claims against THC also remained in the case.

In response, THC filed the present motion seeking summary judgment as to the retaliation claims asserted by Holmes.

**DISCUSSION**

A.  Legal Standard

Summary judgment is appropriate when there is no genuine issue as to material facts and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c)(2).  A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Material facts are those that might affect the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  Id.

Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.

Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 994 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 324-25. If the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion. See Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 250.

B.   Defendant's Motion

THC argues that summary judgment should be granted as to the retaliation claims because Holmes cannot meet the prima facie case for retaliation. THC also asserts that it had legitimate, non-discriminatory reasons for terminating him, and that Holmes has no evidence that THC's articulated reasons were a pretext for retaliation or discrimination.

Holmes alleges retaliation under § 1981, Title VII, and FEHA, all of which prohibit employers from discriminating against an employee because that employee has engaged in an activity protected by those statutes, or because the employee has opposed any practice he reasonably believes is unlawful under those statutes. Manatt v. Bank of America, 339 F.3d 792, 800-01 (9th Cir. 2003) (§ 1981); Freitag v. Ayers, 468 F.3d 528, 541 (9th Cir. 2006) (Title VII); Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1043 (2005) (FEHA).

The burden-shifting format established in McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973) is applicable to claims of retaliation under § 1981, Title VII, and FEHA. See Surrell v. California Water Serv. Co., 518 F.3d 1097, 1103 (9th Cir. 2008) (applying McDonnell Douglas to Title VII and § 1981 claims); Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 354 (2000) (because of similarity between state and federal employment discrimination laws, California courts look to pertinent federal precedent when applying state statutes).

Under McDonnell Douglas, a plaintiff must first prove a prima facie case of retaliation. To make out a prima facie case of retaliation under § 1981, Title VII or FEHA, a

plaintiff must establish that he engaged in a protected activity, such as the filing of a complaint alleging racial discrimination, that his employer subjected him to an adverse employment action, and that a causal link exists between the protected activity and the adverse action. Manatt, 339 F.3d at 800-01; Freitag, 468 F.3d at 541; Yanowitz, 36 Cal. 4th at 1042. The Ninth Circuit has repeatedly emphasized that a plaintiff's burden in establishing a prima facie case of discrimination is "minimal." Coghlan v. American Seafoods Co. LLC, 413 F.3d 1090, 1094 (9th Cir. 2005).

Once a plaintiff establishes a prima facie case of retaliation, the burden shifts to the employer to rebut the presumption of discrimination by offering a legitimate, nondiscriminatory reason for the adverse employment decision. Surrell, 518 F.3d at 1106; Guz, 24 Cal. 4th at 355-56. If the employer meets this burden, the plaintiff must then raise a triable issue of material fact as to whether the defendant's proffered reasons for its actions are a mere pretext for unlawful discrimination. Manatt, 339 F.3d at 800-01; Flait v. North American Watch Corp., 3 Cal App. 4th 467, 476 (1992).

The plaintiff may defeat summary judgment only by satisfying the usual standard or proof required under Federal Rule of Civil Procedure 56(e). See Surrell, 518 F.3d at 1106. He may do this by producing either direct evidence of discriminatory motive, which need not be substantial, or circumstantial evidence that is "specific and substantial" evidence of pretext. Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1221-22 (9th Cir. 1998). If the plaintiff succeeds in demonstrating a genuine issue of material fact as to whether the reason advanced by the employer was a pretext for discrimination, then the case proceeds beyond the summary judgment stage. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000).

THC asserts that Holmes cannot establish a prima facie case of retaliation because he did not engage in the requisite "protected activity" and did not oppose any employment practice that he reasonably believed was unlawful under the discrimination statutes. THC also contends that Holmes cannot establish a prima facie case of retaliation because he cannot show a causal link between his termination and any protected activity. Finally, THC

argues, even if Holmes could establish a prima facie case of retaliation, THC had legitimate, non-retaliatory reasons for terminating him, based on his repeated instances of workplace misconduct, and Holmes cannot demonstrate under the facts present in this case that THC's legitimate, non-retaliatory reasons are a pretext for retaliation.

In his opposition to the motion, Holmes claims that his declaration establishes that he engaged in protected activity or that he opposed racially discriminatory employment practices. Specifically, he cites to paragraphs 7-18, 20, and 23 through 25 of his declaration, although he provides no explanation as to why the statements in those paragraphs show that he engaged in protected activity or opposed discrimination.

In the cited paragraphs, Holmes asserts that beginning in September 2007, defendants engaged in a pattern of discriminatory actions, against him and against other minority THC employees, and that he made certain complaints regarding those alleged discriminatory actions, starting in September 2007, and continuing through February 2008. See Declaration of Nathaniel Holmes ("Holmes Decl."), ¶¶ 7-17, 18.

The court previously ruled, in ruling on THC's motions in limine, that evidence relating to pre-April 10, 2008 retaliation is irrelevant, to the extent that such evidence relates to disciplinary warnings and write-ups that began in September 2007, and were grieved, and were resolved in the mediation that resulted in the April 10, 2008 settlement agreement. The court also ruled that evidence of retaliation related to Holmes' January 9, 2008 suspension and related disciplinary history is also irrelevant, based on plaintiff's counsel's representation at the February 2, 2011 hearing on defendants' motions for summary judgment, that "the suspension matter was resolved" and that plaintiff did not oppose summary judgment as to any claim relating to the suspension.

As set forth in some detail in the February 22, 2011 order, the incidents about which Holmes complains in his declaration were the subject of grievances that proceeded to mediation, and resulted in a written settlement agreement on April 10, 2008. February 22, 2011 Order, at 2-8. Among other things, the settlement agreement provided that it constituted "full and final settlement of the above issues" and that it was "binding on the

6

parties." Id. at 8. Accordingly, the incidents related by Holmes, which occurred starting in September 2007 and were resolved in the mediation and settlement agreement, cannot satisfy the requirement of showing that Holmes engaged in protected activities for purposes of establishing a prima facie case of retaliation.

The only other cited paragraphs that arguably relate to any purported protected activity/opposition concern (1) Holmes' filing of a grievance on behalf of Ramses Teon-Nichols, an African-American employee, concerning THC's decision to hire Gaeta as Housing Services Director in September 2007, and (2) events that occurred in October 2008, when Holmes initiated a grievance on behalf of another THC employee – Vaenisha Rodgers – and signed a letter/petition, along with other members of the Union, protesting alleged discrimination against minority workers (including Holmes).

With regard to the Teon-Nichols grievance, the court previously found, in the February 22, 2011 order, that THC responded to this grievance by interviewing and considering Mr. Teon-Nichols for the position, although it ultimately rejected him because of his lack of supervisorial experience. The grievance was mediated in November 2007, and the mediator agreed with THC's position. As for whether the filing of the grievance can qualify as "opposition to discrimination" for purposes of the retaliation claims, the court finds that it was too remote in time from Holmes' termination to establish the necessary causal link required for a prima facie case of retaliation.

A plaintiff is required to show, by a preponderance of the evidence, that engaging in the protected activity was one of the reasons for the adverse action, and that but for such protected activity, the adverse action would not have occurred. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1065 (9th Cir. 2002). While causation can be inferred from timing alone, that is true only where the adverse action follows closely upon the heels of the protected expression. Id. In this case, the filing of the grievance occurred 14 months before Holmes was terminated, which, under Ninth Circuit authority and the facts of this case, is simply too long to establish causation.

As for the October 2008 incidents, on October 12, 2008, Ms. Rodgers voluntarily

7

accepted a desk clerk position at the Royan and Mission Hotels. Documents from her personnel file, submitted as Exhibits QQ and RR to the Declaration of THC's HR Director Anthony Uribe, filed December 8, 2010 and January 5, 2011, reflect not only her acceptance, but also an increase in her hourly compensation.

In his declaration, Holmes states that on October 14, 2008, he "initiated a grievance against [THC] on behalf of Vaenisha Rodgers, a Black female employee of [THC] concerning discriminatory actions taken against her." Holmes Decl. ¶ 23. During his deposition, however, Holmes testified that he prepared an October 14, 2008 grievance on behalf of Ms. Rodgers concerning his own shop steward status and also concerning interference in union affairs by Gaeta. Deposition of Nathaniel Holmes, November 23, 2010 ("Holmes Depo."), attached as Exhibit A to Declaration of Mark A. White, filed December 8, 2010, at 88. When Holmes arrived at THC's main administrative office to present this grievance to management, he encountered THC administrative associate (and Union shop steward) Kenneth Duigenan and SEIU Representative Daz Lamparas and called them "racist," an outburst that provided one of multiple justifications for his termination. Id. at 94-97; see also February 22, 2011 Order, at 9.

Holmes' claim in his declaration that this grievance concerned "discriminatory actions" taken against Ms. Rodgers, is inconsistent with his testimony at his deposition – that the grievance "was where Krista Gaeta had approached Shop Steward Ken Duigenan to come to a housing services staff meeting to let staff know that Nathaniel Holmes was no longer the shop steward there," which action Holmes claimed was "against union policies," because Gaeta was "misinforming staff about my position as shop steward." Holmes Depo. at 87-91.

Holmes' declaration is also inconsistent with the grievance itself, a copy of which is attached as Exhibit 2 to the declaration. The grievance asserted that Ms. Rodgers had filed a grievance against Gaeta, and that when she refused to withdraw the grievance, Gaeta "retaliated and transferred Ms. Rodgers to full time desk clerk." The substance of the grievance is the claim that Ms. Rodgers' transfer violated multiple sections of the CBA

8

between THC and its unionized employees. As noted above, however, the evidence provided by THC shows that the transfer was voluntary, and involved an increase in pay rate. Moreover, contrary to Holmes' declaration, Ms. Rodgers' October 14, 2008 grievance did not address any claims of "discriminatory actions" and therefore cannot be considered protected activity under § 1981, Title VII or FEHA. Learned v. City of Bellevue, 860 F.2d 928, 932 (9th Cir. 1988) ("opposed conduct must fairly fall within the protection of Title VII to sustain a claim of unlawful retaliation").

Moreover, to the extent that Holmes believed his opposition to Ms. Rodgers' voluntary transfer constituted opposition to an unlawful employment practice under the discrimination statutes, his belief was not reasonable. Freitag, 468 F.3d at 541. Although not expressly stated in the grievance itself, Holmes apparently imputed a discriminatory motivation to THC based on Ms. Rodgers' acceptance of a new position. However, no one at THC would have interpreted the grievance filed by Holmes as a complaint of racially-based employment discrimination. Thus, Holmes' filing of the grievance on behalf of Ms. Rodgers does not establish that he engaged in protected activity.

Nor does the October 20, 2008 "open letter" petition to SEIU Local 87 (the San Francisco Janitors' Union) constitute protected activity under the anti-discrimination statutes. Holmes states in his declaration that this petition "protest[s] . . . [d]efendants' racially discriminatory treatment of said Black female worker, me, and people of color." However, the letter/petition is addressed to Local 87, not to THC, and thus cannot be considered a complaint made to Holmes' employer regarding discrimination in the workplace. Moreover, at his deposition, Holmes denied writing the letter/petition, or even knowing who did write it, claiming that he had simply discovered it in his mail slot one morning, and that he then circulated it among other employees for their signatures. Holmes Depo. at 108-109.

In addition, contrary to Holmes' assertion in his declaration, the letter/petition, a copy of which is attached as Exhibit 3 to the declaration, never mentions racially discriminatory treatment by THC. Rather, it is an attack on Shaw, THC's Executive Director, claiming that

9

Shaw (1) "has driven out two of our shop stewards from their worksites because they stood up for workers' rights under our contract," (2) "'investigated'" a shop steward "under false charges," (3) "suddenly and unilaterally terminated" a shop steward "in order to move her to a far away location," and (4) subjected union members to "false charges, harassment, wrongful firings, all while Mr. Shaw is aware of the situation." The petition accuses Shaw of engaging in anti-union practices at THC and encourages SEIU Local 87 to confront Shaw regarding his alleged hypocrisy during a book launch for his new book at Local 87's Union Hall. The letter is signed, "SEIU 1021 - THC Union Chapter Members."

Plainly, the letter/petition complains about alleged anti-union activity, not racial discrimination, and there is no indication that the target audience for the petition was THC management, rather than Local 87, or that the petition was drafted to oppose any unlawful employment practice under the discrimination statutes. Thus, Holmes' circulation of the petition among his co-workers does not constitute protected activity or protected opposition sufficient to establish the required element for a prima facie case of retaliation.

Nevertheless, even if the court assumes, for the sake of argument, that Holmes has established a prima facie case of retaliation, THC has articulated a legitimate, non-retaliatory reason for his termination, and Holmes has provided no evidence – direct or circumstantial – sufficient to create a triable issue with regard to pretext.

As set forth in the February 22, 2011 order, THC's HR Department concluded, following its investigation, that Holmes engaged in repeated instances of workplace misconduct, verbal abuse and coercion of his co-workers in October 2008. February 22, 2011 Order, at 9-11, 24-25. Specifically, THC investigators determined that Holmes had created a hostile work environment and repeatedly violated THC's Code of Professional Conduct through his altercation with Mr. Duigenan and Mr. Lamparas in which he called them "racist," his circulation of the petition against Shaw, and his disruptive and intimidating conduct in pressuring co-workers into signing the petition. Based on this record, THC had a reasonable basis to conclude that Holmes engaged in the misconduct that led to his termination. Villiarimo, 281 F.3d at 1063.

Holmes' claim in his opposition that THC has not produced "any rational, credible or trustworthy evidentiary support" for its decision to terminate him has no merit. Because THC has met its burden of showing a legitimate, non-discriminatory reason for the termination, Holmes bears the ultimate burden of demonstrating that the reasons articulated were a pretext for retaliation, or that there is a triable issue as to whether it is pretextual. This must be evidence in addition to the evidence that was produced to establish the prima facie case. See Calmat Co. v. U.S. Dept. of Labor, 364 F.3d 1117, 1122 (9th Cir. 2004).

Under Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981), Holmes can show pretext in two ways – either directly by persuading the court that a discriminatory (retaliatory) reason more likely motivated THC, or indirectly by showing that THC's proffered explanation is unworthy of credence. See Vasquez v. County of Los Angeles, 349 F.3d 634, 641 (9th Cir. 2003).

"Direct evidence is evidence which, if believed, proves the fact of discriminatory animus without inference or presumption[;]" where direct evidence is present, "a triable issue as to the actual motivation of the employer is created even if the evidence is not substantial." Aragon v. Republic Silver State Disposal, Inc., 292 F.3d 654, 662 & n. 5 (9th Cir. 2002) (citation and quotation omitted). In general, direct evidence "consists of clearly sexist, racist, or similarly discriminatory statements or actions by the employer." Coghlan, 413 F.3d at 1095 (citations omitted). In this case, Holmes has provided no direct evidence of any racist statements or actions by the employer, or any statements or actions demonstrating that an adverse action was taken against him in retaliation for engaging in protected activities or opposing racial discrimination.

"To show pretext using circumstantial evidence, a plaintiff must put forward specific and substantial evidence challenging the credibility of the employer's motives." Vasquez, 349 F.3d at 642 (citations omitted); Nilsson v. City of Mesa, 503 F.3d 947, 954 (9th Cir. 2007); Godwin, 150 F.3d at 1222 (citations omitted) ("[Circumstantial] evidence of 'pretense' must be 'specific' and 'substantial' in order to create a triable issue with respect

to whether the employer intended to discriminate"); see also Bradley v. Harcourt Brace and Co., 104 F.3d 267, 270 (9th Cir. 1996); Wallis v. J.R. Simplot Co., 26 F.3d 885, 890 (9th Cir. 1994).

Here, rather than attempt to meet this burden, Holmes in his opposition instead asserts only that he has "presented clear and convincing evidence of pretext," that "[t]he record speaks for itself," and that THC's actions "can only be seen as a pretext for retaliation." Thus, Holmes has failed to provide evidence sufficient to create a triable issue as to whether THC's articulated reasons for terminating his employment were pretextual, or were instead legitimate (as the court has already found). Manatt, 339 F.3d at 801.

## CONCLUSION

In accordance with the foregoing, the court GRANTS defendant THC's motion for summary judgment as to the retaliation claims.

**IT IS SO ORDERED.**

Dated: July 18, 2011

PHYLLIS J. HAMILTON
United States District Judge